# In the United States Court of Federal Claims

No. 17-1923C
(Filed May 30, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
MEGEN-AWA 2, LLC,                *
                                 *
            Plaintiff,           *
                                 *
      v.                         *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant,           *
                                 *
      and                        *
                                 *
VETERANS CONSTRUCTION            *
COALITION, LLC,                  *
                                 *
            Defendant–Intervenor.*
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record at the May 24, 2018, status conference, plaintiff's motion for judgment on the administrative record, ECF No. 28, is **DENIED** and the cross-motions for judgment on the administrative record of defendant and intervenor, ECF Nos. 36 and 33, are **GRANTED**.

In sum, the Small Business Administration's (SBA) Office of Hearings and Appeals (OHA) did not violate the applicable regulations or act arbitrarily in finding that the two joint venture (JV) partners composing plaintiff were affiliated based on an identity of interest. The two entities are owned by brothers, and OHA found there were more than minimal business relations between them, in the form of subcontracts and joint ventures. The Court did not find that 13 C.F.R. § 121.103(h)

(2015) † created a safe harbor from general affiliation for entities in a joint venture receiving three or fewer contracts over two years, and held that the § 121.103(h)(3)(ii) exception for 8(a) joint ventures did not shield the entities in a joint venture from a finding of affiliation under paragraphs (c) through (g) of that section.  Each of the several tests for determining affiliation under § 121.103 is a separate hurdle to be cleared, so it was not improper for OHA to apply the identity of interest test under 13 C.F.R. § 121.103(f) to the two entities.  Nothing in § 121.103 precluded the SBA from considering revenues derived from 8(a) JVs in determining whether businesses owned by family members were affiliated, and the OHA decisions recognizing such an exclusion for mentor–protégé joint ventures rested on specific regulatory text that applied only to mentor–protégé JVs.  And finally, the affirmance of the finding of no clear fracture between the two entities was sufficiently explained and did not omit any required analysis.

Thus, plaintiff's motion for judgment on the administrative record is **DENIED** and the cross-motions of defendant and intervenor are **GRANTED**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge

---

† Because the relevant solicitation issued on June 9, 2016, the controlling regulations were the version of § 121.103 in effect until June 30, 2016.  *See IU Int'l Corp. v. United States*, 116 F.3d 1461, 1462 n.1 (Fed. Cir. 1997).